MICHAEL P. MARTIN [SBN 190213]
FISCHBACH, PERLSTEIN, LIEBERMAN &
ALMOND, LLP
1925 Century Park East, Suite 2050
Los Angeles, California 90067-2746
Telephone: (310) 556-1956
Facsimile: (310) 556-4617
Email: mmartin@fpllaw.com

Attorneys for Plaintiff

FILED
2013 MAY -7 PM 2: 33
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case No.: CV 13-03258 DDP (AGRx)

MASS APPEAL MEDIA, INC., a Delaware corporation,

Plaintiff,

v.

DAVINA DOUTHARD, INC., a California Corporation, and DOES 1-10.

Defendants.

COMPLAINT FOR TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; STATE UNFAIR COMPETITION

Plaintiff MASS APPEAL MEDIA, INC. (hereinafter referred to as "Plaintiff") complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act, as amended (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), and 1125(c)); California Business & Professions Code

§§ 14320, 14330, 17200, *et seq.*, and 17500; and California common law. Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Jurisdiction is also proper pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the state law claims alleged herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and 1391(c) in that Defendants transact business in this Judicial District and a substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

## THE PARTIES

3. Plaintiff MASS APPEAL MEDIA, INC. ("Plaintiff") is a Delaware corporation, having its principal place of business located at 84 Wooster Street, #504, New York, NY 10012. Plaintiff is the exclusive owner of the trademarks which form the basis of this action.

4. a. Plaintiff is informed and believes, and on such basis alleges, that Defendant DAVINA DOUTHARD, INC. (hereinafter individually "Defendant") is a California Corporation, having a principal place of business at 1601 North Sepulveda #527 Manhattan Beach California 90266, and is conducting business in California, including this Judicial District and is likewise conducting specific business complained of in this complaint in California, in this Judicial District.

b. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

c. Plaintiff is informed and believes, and on such basis alleges that each of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in some manner for the occurrences alleged herein; and caused the injuries alleged herein.

## GENERAL ALLEGATIONS
## PLAINTIFF AND THE MASS APPEAL MARKS

5. Plaintiff owns the following United States Trademark Applications, among others: No. 85674621 for the mark MASS APPEAL; and No. 85743827 for the mark MASS APPEAL. Plaintiff has been using said marks since at least August, 1996 through its principal and predecessor in interest Adrian Moeller, and has been using said marks in interstate commerce since at least August, 1996.

6. Plaintiff sells, distributes and advertises publications both online and in print, and sells clothing and provides other promotional services under the mark MASS APPEAL. Plaintiff utilizes the above-referenced Marks in various combinations on its products, on its website, and in advertising to identify them as originating from Plaintiff.

7. By virtue of its efforts, and the expenditures of considerable sums for promotional activities as well as the excellence of the quality of its products and services, Plaintiff has gained a valuable reputation through its above-identified MASS APPEAL marks.

8. In addition to the longstanding use and goodwill mentioned above, Plaintiff, through its predecessor in interest, registered its MASS APPEAL mark at the United States Federal level, resulting in Registration No. 2925206. Adrian Moeller assigned all title, rights, interest and goodwill associated therewith in the MASS APPEAL trademark that he began use in 1996, over to Plaintiff. Plaintiff has also filed several United States Trademark Applications for MASS APPEAL. Presently, Plaintiff is the owner of the following U.S. trademark applications, among others: No. 85674621 for the mark MASS APPEAL; and No. 85743827 for the mark MASS APPEAL.

9. Plaintiff's above referenced trademarks are hereinafter collectively referred to as "the MASS APPEAL Marks."

10. Plaintiff has been using said marks since at least August, 1996 and has been using said marks in interstate commerce since at least August, 1996.

11. In addition, as a result of Plaintiff's efforts through advertising, promotions, sales, and customer service, as well as favorable recommendations by Plaintiff's customers, Plaintiff's MASS APPEAL products and services have achieved enormous popularity among the public. As a result of these efforts and

Plaintiff's continuous use of the MASS APPEAL Marks, the MASS APPEAL Marks have acquired substantial goodwill and secondary meaning for a long period of time, serving as an indicator of Plaintiff as the source of origin of its products and services.

12. By virtue of the MASS APPEAL Marks' inherent distinctiveness and acquired secondary meaning; the long duration and usage by Plaintiff of the MASS APPEAL Marks; Plaintiff's extensive advertising and publicity of the MASS APPEAL Marks; and the extremely high degree of recognition of the mark in the trading areas and channels of trade used by Plaintiff; the MASS APPEAL Marks, and each of them, are famous under 15 U.S.C. § 1125(c)(1) of the Federal Trademark Dilution Act of 1995.

### Defendants' Unlawful Conduct: Trademark Infringement, Unfair Competition and Trademark Dilution

13. Plaintiff is informed and believes, and on such basis alleges, that Defendant has marketed and sold online publications and sent out emails using the name "MASS APPEAL" and unlawfully and fraudulently obtained its own U.S. Trademark Registration for MASS APPEAL in its own name.

14. Plaintiff is informed and believes, and on such basis alleges, that Defendant has advertised its services using the MASS APPEAL mark on the Internet, where consumers confuse its services with Plaintiff's services sold right alongside one another and in search results.

15. Defendant has no right, license or other authority from Plaintiff to use any of the MASS APPEAL Marks for any purpose.

16. Plaintiff is informed and believes, and on such basis alleges, that Defendant knew of the MASS APPEAL Marks and that the same were owned by someone other than themselves; knew that the MASS APPEAL Marks were distinctive; and knew that Defendant had not received any authority from Plaintiff to use the MASS APPEAL Marks or any other marks confusingly similar thereto, for any purposes.

17. Defendant's unlawful activities result in irreparable injury and damage to Plaintiff's reputation.

18. Additionally, Defendant's unlawful activities injure the public by depriving the public of the right to be free of confusion in the marketplace.

19. Plaintiff is informed and believes, and on such basis alleges, that Defendant has deliberately and willfully used the MASS APPEAL Marks in order to trade on the goodwill that Plaintiff has attained in the MASS APPEAL Marks, to dilute the MASS APPEAL Marks and to confuse the public into believing that Defendant's unauthorized use is licensed or authorized by Plaintiff.

## FIRST CLAIM FOR RELIEF

(Federal Unfair Competition)

20. This claim for relief arises under 15 U.S.C. § 1125(a) and is alleged against all Defendants.

Plaintiff realleges the allegations in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

22. As alleged previously, Plaintiff is the owner of the MASS APPEAL Marks, which trademarks have acquired substantial goodwill and secondary meaning.

23. As also alleged above, Defendants have used marks confusingly similar to the MASS APPEAL Marks in connection with an online website and email blasts, without permission or authority from Plaintiff.

24. Defendants have not obtained from Plaintiff any license or other permission to use any of the MASS APPEAL Marks or marks confusingly similar thereto for any purpose whatsoever.

25. Defendants' unauthorized use and registration of marks confusingly similar to the MASS APPEAL Marks, constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the source, origin, sponsorship and affiliation of the services offered by Defendants.

26. Defendants' above-mentioned use and registration of the MASS APPEAL Marks, and marks confusingly similar thereto constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

27. Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false

7
COMPLAINT

designation of origin and false representation, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

28. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

29. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(California Trademark Infringement)

30. This claim for relief arises under California Business & Professions Code § 14320 and California common law and is alleged against all Defendants.

31. Plaintiff realleges the allegations in paragraphs 21 through 29 of this Complaint as though fully set forth herein.

32. Plaintiff is the owner of common law trademarks, including the MASS APPEAL Marks set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

33. Defendants' unauthorized use of marks confusingly similar to the MASS APPEAL Marks is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

34. Defendants have infringed upon Plaintiff's rights by using and registering marks confusingly similar to the MASS APPEAL Marks in connection

with their services well after Plaintiff had used the MASS APPEAL Marks.

35. By reason of this unauthorized use of marks confusingly similar to the Plaintiff's Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

36. Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the trade and the consuming public as to the source of the goods sold by Defendants.

37. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

38. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(California Unfair Competition)

39. This claim for relief arises under the California Business & Professions Code §§17200, *et seq*. and 17500 and is alleged against all Defendants.

40. Plaintiff realleges the allegations in paragraphs 31 through 38 of this Complaint as though fully set forth herein.

41. Defendants' conduct is unfair and deceptive behavior pursued in the

course of their businesses in that their actions were likely to deceive present and potential customers of Defendants and of Plaintiff.

42. Defendants have willfully decided to unfairly compete with Plaintiff by misappropriating Plaintiff's proprietary Marks by unlawfully using marks confusingly similar to Plaintiff's proprietary marks in an attempt to trade on Plaintiff's goodwill and confuse consumers as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

43. Defendants have unlawfully derived income and profits from their activities and will continue to so derive income and profits from their acts of unfair competition, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

44. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

45. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court issue a preliminary injunction restraining, enjoining and prohibiting Defendants, and their officers, agents, employees and attorneys, and any person in active concert or participation with them or who are acting under their direction, and each of them, from the following:

(a) infringing the MASS APPEAL Marks and damaging Plaintiff's

goodwill, reputation and business related thereto,

    (b)    using the MASS APPEAL Marks in any manner, and from causing, contributing to or participating in, the unauthorized display and/or distribution of the MASS APPEAL Marks to the public in connection with any service or product,

    (c)    engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public,

    (d)    Otherwise unfairly competing with Plaintiff in any manner, and

    (e)    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

    2.    That this Court issue a permanent injunction, prohibiting Defendants from directly or indirectly diluting or infringing the MASS APPEAL Marks, and in any manner unfairly competing with Plaintiff; and from inducing, or contributing to or participating in any such acts referred to in paragraph 1 of this prayer;

    3.    That the Court award Plaintiff its damages from Defendants including recovery of any compensatory damages sustained by Plaintiff as a result of Defendants' diluting, infringing and/or tortuous activities described herein;

    4.    That the Court order Defendants to account for all gains, profits and advances derived by Defendants from the acts complained of, together with appropriate interest thereon;

    5.    That the Court further award Plaintiff an increase in damages in an amount found or assessed as a result of willful acts of trademark dilution, trademark

infringement, and unfair competition under 15 U.S.C. § 1117;

6. That Defendants pay Plaintiff's costs and disbursements in this action, together with reasonable attorneys' fees;

7. That Plaintiff be awarded punitive damages; and

8. That Plaintiff have such other and further relief as the Court may deem just and proper.

DATED: May 6, 2012

FISCHBACH, PERLSTEIN,
LIEBERMAN & ALMOND, LLP

By: _____
Michael P. Martin
Attorneys for Plaintiff, Amcor Industries, Inc.

12
COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV13- 3258 DDP (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Name & Address:
Michael P. Martin
Law Offices of Michael P. Martin
1925 Century Park East, Suite 2050
Los Angeles CA 90067
310 556-1956 / mmartin@fpllaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASS APPEAL MEDIA, INC., a Delaware corporation<br><br>PLAINTIFF(S)<br>v.<br><br>DAVINA DOUTHARD, INC., a California Corporation and DOES 1-10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-03258-DDP (AGRx)<br><br>SUMMONS |

TO: DEFENDANT(S): DAVINA DOUTHARD, INC.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Michael P. Martin__, whose address is __1925 Century Park East, Suite 2050, Los Angeles, CA 90067__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY - 7 2013__      By: _____
                                 Deputy Clerk
                                 (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                 SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MASS APPEAL MEDIA, INC., a Delaware corporation | DAVINA DOUTHARD, INC., a California Corporation and DOES 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Law Offices of Michael P. Martin<br>1925 Century Park East, Suite 2050<br>Los Angeles CA 90067 (Tel: 310 556-1956) | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. S 1114); Federal Unfair Competition (15 U.S.C. S 1125(a)); Federal Trademark Dilution (15 U.S.C. S1125(c))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: **CV13-03258**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Mass Appeal Media, Inc., NEW YORK | New York |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Davina Douthard, Inc. | Los Angeles |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 5-6-13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |